JAMES T. FOREMAN v. MISSOURI PACIFIC RAILWAY COMPANY.

No. 280.

1. **Petition by a Passenger Against Railway Good on General Demurrer.**—Alleging that upon arrival at an intermediate station where the passenger was expecting letters, upon inquiring of the conductor he was assured that the train would stop five minutes, and that he had time to go to the post-office, fifty yards away, and return, and when he had gotten half-way there, and less than one minute after he had started, the train was put in motion, and the plaintiff in attempting in a cautious and prudent manner to get aboard, was by a sudden and rapid movement of the train thrown to the ground and injured, and such damage and injury was the result of the negligence of defendant, and the misrepresentation, carelessness, and reckless conduct of the conductor, is good on general demurrer.

2. **Practice in Appellate Court—Demurrer.**—Though a petition may be obnoxious to special exceptions not made by the defendant, which, if they had been urged, would have been sustained, it may be good as against a general demurrer.

APPEAL from Walker.   Tried below before Hon. NORMAN G. KITTRELL.

*Benton Randolph,* for appellant, cited Railway v. Davidson, 68 Texas, 370.

*Baker, Botts, Baker & Lovett,* for appellee.—1. The failure of the conductor to stop five minutes for appellant to go to the postoffice was not negligence on the part of the carrier, because the failure to stop and wait five minutes for appellant was not an omission or failure in the discharge of a legal duty which the carrier owed to the passenger, appellant. Railway v. Foreman, 73 Texas, 311; Railway v. Hewitt, 67 Texas, 473; Patt. Ry. Acc., sec. 7.

2. Appellee is not liable unless appellant was caused to fall through the negligence of the engineer. Railway v. Hewitt, 67 Texas, 473; Patt. Ry. Acc., sec. 7.

PLEASANTS, ASSOCIATE JUSTICE.—This cause was by the Supreme Court, upon appeal by the appellee from judgment in favor of appellant, reversed at the Galveston Term, 1889, and the decision is reported in 73 Texas.

Upon second trial of the case in the District Court, judgment was rendered for the defendant, upon demurrers, general and special, presented to the petition; and the plaintiff declining to amend, his suit was dismissed, and he brings his case to this court by appeal.

The petition, after averring plaintiff's residence to be in the county of Marion and State of Texas, and that the defendant was a corporation duly incorporated by the State of Missouri, and that the International & Great Northern Railway Company was a corporation created under the laws of Texas, and that it was the owner of a railway running between the town of Trinity, in Trinity County, Texas, and the town of Conroe, in the county of Montgomery, Texas, and through the town of Huntsville, in Walker County, Texas, and that said railroad was being operated by said defendant, the Missouri Pacific Railway Company, under leave from said International & Great Northern Railway Company, and that said defendant was engaged in carrying passengers over said road, and that on the 29th of January, 1887, plaintiff purchased from the duly authorized agent a ticket for passage over said road from the town of Trinity to the town of Conroe, alleges as follows:   "That while plaintiff was a passenger on the train of said Missouri Pacific Railway Company, by virtue of said contract of purchase of said ticket, on his way to said town of Conroe, and just as the arrival at Dodge, an intermediate station, was announced, plaintiff told the conductor that he was expecting letters at Dodge, and asked the conductor how long the train would stop at that station, and if he would have time to go to the postoffice and back; and that the con-

ductor replied, 'Yes,' that the train would stop five minutes, and he would have time to go and return. That plaintiff at once went hurriedly toward the postoffice, which was not more than fifty yards from said train, for the purpose of making inquiry for important letters which he was expecting to find there; that before plaintiff had gone more than half-way to the postoffice the train was started, and plaintiff returned hurriedly to it, and arrived on the platform of the depot close to and opposite the middle of the rear coach of the train in less than one minute from the time the said train had stopped, and as the train passed him he took hold of the guard on the rear platform of the rear coach with his hand and attempted, in a prudent and cautious manner, to board the train; that just as he took hold of the guard the engineer pulled open the throttle valve and jerked the train with such force that it threw plaintiff on his right side on a tie between the rails of the track in rear of the coach, breaking and depressing in his chest the anterior one-third of four of his right ribs, producing an exterior bruise covering a space of seven by nine inches from the fractured ribs on the right side to the cardiac end on the stomach, and injuring the anterior wall of the stomach, and producing hernia or rupture at or near the stomach, and producing intense pain and suffering, which has continued up to this time without much intermission; that he has been unable to labor since he received said injuries, and has been confined to his bed in consequence thereof much of the time since he received them, and has sustained damages in consequence of said injuries, inflicted as aforesaid, by the gross misrepresentation of the agent of the said Missouri Pacific Railway Company and the gross carelessness and reckless conduct as aforesaid of the agent of said railway company, to the amount of $10,000."

This was plaintiff's first amended original petition, and to it the defendant filed the following demurrer: "It specially excepts, and moves to strike out of said amended original petition, on the third page, so much thereof as is in these words, 'and just as the arrival at Dodge, an intermediate station, was announced, plaintiff told the conductor he was expecting letters at Dodge, and asked the conductor how long the train would stop at that station, and if he would have time to go to the postoffice and back; and the conductor replied, "Yes," the train would stop five minutes, and he would have time to go and return;'" and also so much of amended original petition, on the last page, as is in these words, ' by the gross misrepresentation of the agent of said Missouri Pacific Railway Company,' because the same is immaterial, and if true, gives the plaintiff no right of action against this defendant for the damages claimed. And for general exception, defendant says the plaintiff's amended original petition shows no cause of action, and prays judgment of the court thereon; and of this defendant asks the judgment of the court."

This court is of the opinion, that the petition is good on general demurrer, and that while it is doubtless obnoxious to other exceptions than those made by the special demurrer, it is not so to them.   If the plaintiff was induced to leave the train by assurances, expressed or implied, given him by the conductor that the train would not leave for five minutes, and the conductor, with knowledge that plaintiff had left the train, started it before the expiration of the five minutes, and before the plaintiff had returned sufficiently near to the track to board the train before it was put in motion when the signal to start was given, and the plaintiff in attempting in a cautious and prudent manner to get aboard, was, by a sudden and rapid movement of the train, thrown to the ground and injured, if in the opinion of the jury such facts constitute negligence on the part of the defendant, the plaintiff, unless guilty of contributory negligence in attempting to board the train, under the circumstances, should recover damages for his injuries.

*Reversed and remanded.*

Delivered September 28, 1893.